Theresa Elizabeth **PEREZ**,
Plaintiff–Appellant,

v.

Christopher Frank **CURCIO**, et al.,
Defendants–Appellees.

No. 86–2409.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 1987.

Memorandum June 23, 1987.

Opinion March 9, 1988.

Paul G. Ulrich, Phoenix, Ariz., for plaintiff-appellant.

John P. Frank, Lewis and Roca, Phoenix, Ariz., for defendants-appellees.

Before GOODWIN, TANG and THOMPSON, Circuit Judges.

## ORDER FOR FILING AND PUBLICATION

### ORDER

The request for publication of the Memorandum decision filed June 23, 1987 is granted and the attached opinion is ordered filed pursuant to Circuit Rule 36–4 as and for the decision of the court effective that date. The last paragraph contains the panel's ruling on Perez's application for attorney's fees, which was not previously decided.

TANG, Circuit Judge:

Theresa Perez appeals the district court's order granting summary judgment for the City of Phoenix and four of its employees, on Perez's federal age discrimination claims. Perez also appeals the district court's dismissal of her pendent state claims. We reverse.

### BACKGROUND

In 1969, the City of Phoenix hired appellant Theresa Perez to coordinate music programming for the Department of Parks, Recreation and Libraries Cultural Services Section. Perez was then 45 years old. Perez's duties included the supervision of a number of part-time employees. Perez's musical qualifications were outstanding. From the outset of employment, however, she had problems getting along with her co-workers, accepting directions, and following various City rules, regulations, and policies. In 1974 and 1975, her supervisor recommended that she be dismissed because of her inability to adapt to the City's bureaucracy. This recommendation was not followed.

On January 15, 1979, Christopher Curcio became Perez's supervisor. In February 1979, Curcio asked Perez her age and she refused to tell him. Shortly thereafter, Curcio made a point of informing Perez that he had found out how old she was.

In August 1979, Curcio disciplined Perez for exceeding her budget appropriation. In November 1980, Curcio disciplined Perez for lending her city building keys to a non-city employee. In September 1981, Curcio disciplined Perez for her unprofessional and argumentative attitude while interviewing a prospective employee. Further, because of her insubordinate attitude when he tried to discuss the matter with her, Curcio suspended Perez for one day without pay. In August 1982, Curcio disciplined Perez for having an argument with another employee in a public area. Curcio recorded all of these incidents in written notices of unsatisfactory performance.

In spite of the foregoing problems, Perez's formal written evaluations from the outset of employment until late 1982 stated that she was at least a satisfactory employee. These evaluations also included numerous complimentary comments about her performance.

In either August or September 1982, Curcio is reported to have referred to Perez as an "old dragon lady." In November 1982, in an after hours conversation with a fellow employee and a non-employee Perez referred to Curcio as a "bitch queen". The fellow employee reported the remark to Curcio, who complained to his immediate superior.

Curcio's complaint prompted an investigation by his superiors. On December 6, 1982, they demoted Perez and placed her on six months' probation. They assigned her to work with seniors at the Washington Adult Center, a job that did not utilize her extensive music background. They replaced Perez as music coordinator with Rebecca Fullager, a woman in her late twenties who met the minimum job requirements but was not nearly as qualified as Perez.

On December 7, 1982, Perez met with Janice Hayes, Women's Employment Opportunity Specialist for the City of Phoenix. Perez advised Hayes that she intended to file an age discrimination complaint. Perez met with Hayes again on December 17, 1982 and informed Hayes that she had filed an age discrimination suit with the Arizona Civil Rights Division. Hayes informed the Parks and Recreation Department Personnel Officer, Elizabeth Ryan, of her conversations with Perez.

On December 7, 1982, Fullager discovered certain payroll discrepancies in Perez's section. Fullager found that Perez had approved time cards for part-time employees that reflected hours the employees had not worked.

In January 1983, further payroll discrepancies were uncovered when the Personnel Office received complaints from part-time employees under Perez's supervision concerning their W–2 forms. The employees claimed that their W–2 forms showed income they had never received. Investigation revealed that Perez had permitted part-time employees to procure their own substitutes and to pay them directly. This practice was in violation of city policies as well as federal and state employment laws.

On February 1, 1983, Curcio's supervisors met with Perez to discuss the payroll irregularities. Perez asked for an extension of time to respond to the charges and was given an extension to February 3, 1983. Perez did not come forward with the information and was terminated on February 3. Perez appealed her termination to the Civil Service Board which upheld the termination decision.

Perez then filed a charge of retaliation with the Arizona Civil Rights Division. The Civil Rights Division found no age discrimination in the original demotion and also rejected the retaliation charge. Perez then brought this suit for age discrimination in the demotion and for retaliation in the termination. Her complaint also includes numerous state law causes of action.

The City of Phoenix moved for summary judgment. In May 1986, the district court granted summary judgment on the age discrimination claims and dismissed the pendent state law claims. Perez timely appeals.

## ANALYSIS

This court reviews the district court's grant of summary judgment de novo. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727 (9th Cir.1986). Summary judgment is appropriate only if there is no genuine issue

of material fact and the district court applied the substantive law correctly. *Id.*

■ Perez raised genuine issues of material fact as to each of the elements of the prima facie case of age discrimination with respect to both her demotion and her subsequent termination. *See Douglas v. Anderson*, 656 F.2d 528, 532–33 (9th Cir. 1981). The City articulated legitimate, nondiscriminatory reasons for both the demotion and the termination. Decision of this case thus turns on whether Perez offered sufficient evidence that the City's proffered reasons were mere pretext to require the case to go to a jury. Pretext is established by showing either that a discriminatory reason more likely than not motivated the employer or that the employer's explanation is unworthy of credence. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

With respect to her demotion, Perez argues that the following facts are sufficient to raise an inference that the asserted justifications were mere pretext: (1) Curcio's questioning of Perez's age in 1979; (2) Curcio's continued reports concerning Perez's unacceptable behavior; (3) Curcio's 1982 "old dragon lady" remark; (4) Curcio's instigation of the investigation that led to Perez's demotion; (5) the City's reliance on a privately uttered remark after business hours as the motivating factor for the demotion; (6) the diminished qualifications of Perez's replacement; (7) the offer of Perez's job to an employee over age 40, knowing that this employee would decline the offer; (8) the preparation of Perez's final performance evaluation by individuals other than Curcio; and (9) statistical evidence of a pattern of age discrimination by the City.

■ The district court properly discounted Perez's statistical evidence because it was drawn from an exceedingly small sample. *See Morita v. Southern California Permanente Medical Group*, 541 F.2d 217, 220 (9th Cir.1976), *cert. denied*, 429 U.S. 1050, 97 S.Ct. 761, 50 L.Ed.2d 765 (1977). The district court also correctly rejected Perez's unmeritorious argument that her

after hours reference to Curcio as a "bitch queen" was protected speech under the first amendment and thus an improper basis for discipline.

Most of Perez's other evidence concerning the demotion is tied directly to Curcio. The district court erred in finding that Curcio was not involved in the demotion decision and thus improperly discounted the evidence of Curcio's intent to discriminate. Curcio was involved in the demotion decision because he made the report that motivated the investigation and because the ultimate decisionmakers relied on written reports prepared by Curcio concerning Perez's past conduct. Although most of Perez's evidence of Curcio's intent is remote from the actual demotion decision, and although the evidence of Curcio's intent to discriminate is weak, the strength of the evidence is a question for the jury, not for the court on summary judgment.

The district court also improperly rejected Perez's argument that the choice of her replacement constituted evidence that the City's reasons for demotion were pretextual. Perez presented evidence that a younger, less qualified person was chosen to replace her. Perez also presented evidence that City hiring officers first offered her job to an individual over age 40 and that they knew that this individual would decline the job. Perez argues that this action was taken in an attempt to disguise the discriminatory nature of the demotion. While this evidence may be weak, a jury could draw an inference of pretext from these facts, and summary judgment was inappropriate.

Perez has also raised genuine issues of material fact concerning the possibility of pretext in her termination. The City's awareness that Perez had filed an age discrimination complaint, the timing of the payroll investigation, the manner in which the investigation was performed, and contested issues of fact concerning the results of the investigation support Perez's argument that a jury could infer that the termi-

nation was in retaliation for filing a complaint rather than based on payroll irregularities.[1] Again, although Perez's case is weak, it presents an "elusive factual question" of intent inappropriate for summary judgment. *Yartzoff v. Thomas*, 809 F.2d 1371, 1377 (9th Cir.1987).

We reject the City's suggestion that *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), somehow permits the court to ignore factual questions where, as here, a plaintiff's case is weak and the result seems clear. *Anderson* merely permits the district court to consider the substantive evidentiary burden (in *Anderson*, the clear and convincing evidence standard) in assessing whether genuine issues of material fact have been raised. *Id.* 106 S.Ct. at 2514. In this case, Perez must demonstrate that the City's asserted reasons for her demotion and termination were pretextual; i.e., either that a discriminatory reason more likely than not motivated the employer or that the employer's explanation is unworthy of credence. In ruling on a summary judgment motion "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in her favor." *Id.* at 2513. As long as Perez has introduced some evidence from which a jury could believe Perez's explanation rather than the City's explanation and material questions of fact exist, the case must go to a jury.

Finally, we reverse the district court's dismissal of Perez's pendent state law claims. The district court based its dismissal of these claims entirely on the dismissal of the federal claims, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and did not reach the City's alternative arguments that summary judgment was independently appropriate on these claims. Because the dismissal of the federal claims was improper, the district court's analysis under *Gibbs* no longer applies. We express no opinion on the possible merit of a renewed motion

---

1. Perez's post-argument motion to strike a supplemental exhibit presented by the City's counsel at argument is denied. Consideration of the exhibit does not alter our conclusion that issues of fact remain.

for summary judgment on the state law claims.

Perez's request for attorney fees and expenses is remanded for consideration by the district court at the conclusion of proceedings in that court.

REVERSED and REMANDED.