**Anthony J. SAMARZIA,**
**Plaintiff–Appellant,**

v.

**CLARK COUNTY, Defendant–Appellee.**

**No. 87–2558.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 1988.

Decided Oct. 3, 1988.

Richard Segerblom, Las Vegas, Nev., for plaintiff-appellant.

Michael A. Koning, Barker, Gillock, Koning, Brown & Earley, P.C., Las Vegas, Nev., for defendant-appellee.

Before TANG, SCHROEDER and NELSON, Circuit Judges.

TANG, Circuit Judge:

Anthony Samarzia, a former Clark County court employee, appeals a directed verdict for the County in his age discrimination and section 1983 action arising out of the County's decision to eliminate his position in response to a budget cutback. Samarzia, 62 at the time of his termination, contends that his layoff resulted from impermissible age discrimination and also that his layoff was a sham that violated his right to due process. We affirm in part and reverse in part.

## BACKGROUND

Samarzia was hired by the County on June 16, 1977. Beginning in 1980, he became a permanent employee, subject to the County's merit protection rules and regulations, working as a Court Intake Officer in the Pretrial Services Department, which was part of the District Court Division. Anna Petersen was the Administrator of the District Court, and Jerry Phillips, Director of the Department, was Samarzia's supervisor.

In August, 1983, the County was forced to reduce its staff due to a rollback in property taxes. The County effected the reduction in force in conformity with its merit rules and regulations, specifically Article 12 of the Bargaining Agreement between the County and its public employees union, which stated in part:

(b) ... layoffs shall be based on the following criteria in the following order:

1. The seniority of the employees in the affected classification within the given department.

2. The relative ability and qualifications of the employees as determined by the department head within the affected classifications of his/her department.

3. In the event that seniority is equal, relative ability and qualifications shall prevail.

.　　.　　.　　.　　.

(d) Each department head may exempt fifteen percent (15%) of the total number of positions authorized in the 1983/84 budget within his/her department and retain them regardless of seniority. No more than one-third (.33) of the employees in a classification may be exempt from layoff.

The entire department consisted of twelve employees. Thus, Pretrial Services could exempt only two employees from the layoff pursuant to the Bargaining Agreement. In August, 1983, of the twelve employees in the Pretrial Services Department six, including Samarzia, were Court Intake Officers. In anticipation of the proposed layoffs, Director Jerry Phillips advised his superiors that a minimum of four intake officer positions must be retained. However, the District Court determined that four intake officer positions would be eliminated, and ordered Phillips to decide which two officers to retain under Article 12 of the Bargaining Agreement.

The names and ages of the six intake officers at that time, listed in order of seniority, are:

1. Anthony Samarzia, 63, 6/16/77;
2. Mary Abel, 31, 10/8/80;
3. Ron Burtsell, 50, 10/13/80
4. Mary Amey, 35, 12/21/81;
5. Susan Blair, 35, 1/29/82
6. Kenneth Carr, 29, 1/21/83

Director Phillips chose to exempt Burtsell and Blair and the other Intake Officers, including Samarzia, were terminated on August 19, 1983.

After Samarzia was terminated, Anna Vasquez, a Pretrial Services employee classified as a Verification Specialist, voluntarily performed pretrial Court Intake Officer duties to help with the overflow of paperwork caused by the budget constraints and resulting layoffs. Anna Vasquez's seniority date was 1/5/81, and she was 21 years old. Her assumption of the extra work was subsequently ratified by Jerry Phillips due to lack of manpower.

On September 16, 1983, Samarzia filed a charge of discrimination on the basis of age with the Equal Employment Opportunity Commission.

In October, 1984, a Court Intake Officer position became available. Samarzia applied for this position. However, Director Phillips selected a younger individual, Mary Abel, because he mistakenly believed that she had more seniority.

Samarzia filed this suit on April 5, 1985.[1] The case came to trial before a jury in July, 1987. After Samarzia had presented his case in chief, on July 21 the district court granted the County's motion for directed verdict on the section 1983 due process claim, but denied the County's motion for directed verdict on the age discrimination claim without prejudice and subject to renewal at the close of all the evidence. On July 23 the district court granted the County's renewed motion for directed verdict. Samarzia timely appeals to this court.

## ANALYSIS

### Standard of Review

In determining the propriety of a directed verdict the court of appeals has the same role as the district court. *Donoghue v. County of Orange*, 848 F.2d 926, 932 (9th Cir.1988); *West America Corp. v. Vaughan–Bassett Furniture Co.*, 765 F.2d 932, 934 (9th Cir.1985) (review of a decision concerning a directed verdict is de novo). In reviewing a directed verdict, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Blanton v. Mobil Oil Corp.*, 721 F.2d 1207, 1219 (9th Cir.1983), *cert. denied*, 471 U.S. 1007, 105 S.Ct. 1874, 85 L.Ed.2d 166 (1985). A directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A directed verdict is improper when there is conflicting testimony raising a question of witness credibility because " '[i]t is the exclusive function of the jury to weigh the credibility of the witnesses.' " *Twin City Fire Ins. Co. v. Philadelphia Life Ins. Co.*, 795 F.2d 1417, 1423 (9th Cir.1986) (quoting *United States v. Horowitz*, 756 F.2d 1400, 1406 (9th Cir.), *cert. denied*, 474 U.S. 822, 106 S.Ct. 74, 88 L.Ed. 2d 60 (1985)).

### Due Process

■ As a County employee covered by a merit selection system, Samarzia had a constitutionally protected property interest in his continued employment. *Gabe v. County of Clark*, 701 F.2d 102, 102 (9th Cir. 1983). Although Samarzia's initial layoff was effected in accordance with the Bargaining Agreement Art. 12, he contends that it was actually a "sham" layoff and that his terminationthus violated his fourteenth amendment right to due process, a right he seeks to vindicate through his action under 42 U.S.C. § 1983.

A "sham" layoff occurs when "positions are purported to be eliminated and incumbents laid off, and thereafter identical or similar positions are re-established and the positions filled by others not entitled under the civil service law and rules to such employments." *University of Nevada v. State Employees Ass'n*, 90 Nev. 105, 520 P.2d 602, 604 n. 3 (1974) (quoting H. Kaplan, *The Law of Civil Service* 214–15 (1958)). Samarzia argues that a sham abolition of a position is an arbitrary deprivation of a right actionable under section 1983, and that he was entitled to a hearing before the sham abolition occurred. Thus his due process claim has both substantive and procedural components. The evidence that the layoff was a sham is that Anna Vasquez, who was 21 and had a seniority date of 1/5/81, began performing intake officer duties one month after Samarzia's layoff.

The County argues that Samarzia's due process claim must fail because: (1) the procedures afforded under County personnel policies were sufficient to ensure due process; (2) the Bargaining Agreement sanctioned the process of layoff and the supervisor's choice in exempting two positions; and (3) Samarzia failed to show that

---

1. In April, 1985, Samarzia was rehired and given back pay to October 1984, the time he should have been hired instead of Abel. Samarzia resumed work as a Court Intake Officer, but in August, 1985, he became ill and left work.

any alleged deprivation of civil rights occurred because of a policy originating with a County decision maker.

We consider the last reason advanced to be dispositive and thus do not address the substantive violation effected by a sham layoff or the procedures necessary to assure due process in such a case. The County argues that the directed verdict should be upheld because Samarzia adduced no evidence of any County policymaker's involvement in the decision to allow Vasquez to perform Intake Officer duties. *See City of St. Louis v. Praprotnik*, — U.S. —, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986). The decision was merely ratified by a supervisor, it was not constrained or subjected to review by an authorized policymaker as required by *Praprotnik*, 108 S.Ct. at 926. Samarzia concedes this point.

It is not clear that the lack of policymaker involvement was raised in the district court, but this court may affirm the judgment of the district court on any basis finding support in the record. *Golden Nugget, Inc. v. American Stock Exchange, Inc.*, 828 F.2d 586, 590 (9th Cir.1987). In this case it is within our discretion to consider this issue because the facts are not disputed and the issue presents only a question of law. *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987). We therefore conclude that the directed verdict on the section 1983 claim was appropriate.

*Age Discrimination*

▮ A prima facie case of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, is established, under the "disparate treatment" theory, when an employee shows that he "(i) was a member of the protected class [age 40–70], (ii) was performing his job in a satisfactory manner, (iii) was discharged, and (iv) was replaced by a substantially younger employee with equal or inferior qualifications." *Palmer v. United States*, 794 F.2d 534, 537 (9th Cir.1986) (quoting *Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir.1981)). Clearly, Samarzia made out a prima facie case.

The burden then shifted to the County to articulate a legitimate, nondiscriminatory reason for the discharge. *Sutton v. Atlantic Richfield Co.*, 646 F.2d 407, 411 (9th Cir.1981). The County stated that it chose to exempt two younger individuals (Burtsell, age 50, and Blair, age 35), from layoff under the Bargaining Agreement because they were the most productive persons in the department.

At that point, Samarzia had the burden of showing that the proffered reason was pretextual either "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 412 (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

Samarzia challenged the County's explanation with direct and indirect evidence of discriminatory intent. He refers to the selection of much younger employees with less seniority to do his job—not just the exemption of Burtsell and Blair at the time of the layoff, but the later use of Vasquez to perform intake duties. The other evidence of intentional discrimination includes his supervisor's (and coworkers') references to him as the "senile" intake officer and his supervisor's expressed expectation that Samarzia would retire soon, communicated in part through his circling the words "retire now" in a memo describing retirement benefits before he sent it to Samarzia.

The County argues that this evidence is not sufficiently substantial to meet the nonmoving party's burden in an appeal from a directed verdict. However, it is not the trial court's function to weigh the evidence or assess the credibility of witnesses. *Donoghue*, 848 F.2d at 932. "In reviewing the directed verdict in this case, we must take as true the evidence Samarzia offered concerning discriminatory attitudes toward him based on age." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). Drawing all permissible inferences from this evidence, as we must, we conclude that a reasonable jury might have concluded

that the County's reasons were pretextual, and accordingly the directed verdict was inappropriate.

Samarzia also attempted to prove that the County's proffered reason for his lay-off was pretextual by saying it was unworthy of credence in that there was no evidence of his lesser productivity. Samarzia did not have any annual performance appraisals but he received annual merit increases and one former supervisor testified that he was as productive as anyone else. Again, because the evidence is in conflict the directed verdict was erroneously granted. *See Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir.1988) (directed verdict is inappropriate where plaintiff has presented sufficient evidence to enable the jury to reject defendant's explanation as pretextual).

## CONCLUSION

The judgment of the district court as to the section 1983 claim is AFFIRMED and the directed verdict for the County on the age discrimination claim is REVERSED and the cause is REMANDED for trial to a jury.