874 F.2d 816
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Robert E. STEVENSON, Plaintiff/Appellant,
v.
POTLATCH CORPORATION, Defendant/Appellee.
 No. 88-3533.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Apr. 3, 1989.
Decided May 9, 1989.
 Before SKOPIL, PREGERSON and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Stevenson appeals the district court's grant of summary judgment in favor of his employer, Potlatch Corporation. Stevenson alleged that Potlatch violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 623(a)(1) (1982), and Idaho's age discrimination statute, Idaho Code Sec. 67-5909(1) (Supp.1988), by forcing him to resign his position as a plant manager. The district court granted summary judgment because it determined there existed no genuine issue of material fact that Potlatch's proffered reasons for termination were a pretext for age discrimination. Stevenson v. Potlatch Corp., 674 F.Supp. 1410, 1418 (D.Idaho 1987). Our review is de novo. Perez v. Curcio, 841 F.2d 255, 257 (9th Cir.1988). We affirm.
 
 DISCUSSION
 
 3
 The only issue on appeal is whether Stevenson sufficiently rebutted his employer's proffered reasons for his termination so as to render summary judgment inappropriate. To avoid summary judgment, Stevenson was required to demonstrate that the legitimate, nondiscriminatory reasons offered by Potlatch were not its true reasons, but were a pretext for discrimination. See Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983). This did not mean that Stevenson had the burden of proving that Potlatch's reasons were pretextual. See Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir.1987). Rather, Stevenson needed only to "tender a genuine issue of material fact as to pretext in order to avoid summary judgment." Steckl, 703 F.2d at 393.
 
 
 4
 Stevenson argues that he proffered sufficient evidence to raise issues of credibility and thereby rendered summary judgment inappropriate. See, e.g., Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 901 (3d Cir.) (en banc) (when pretext turns on the employer's credibility, summary judgment is not appropriate), cert. dismissed, 108 S.Ct. 26 (1987). The trial court concluded, however, that Stevenson raised "a question of fact only with respect to the correctness of the decision to terminate." Stevenson, 674 F.Supp. at 1415. The court found "no specific facts which raise a genuine issue of material fact with respect to the legitimacy or believability of the reasons proffered or that such reasons were not the actual reasons for plaintiff's discharge." Id.
 
 
 5
 We agree with the district court's conclusions. Stevenson's response to his employer's motion for summary judgment was an attack on the correctness of Potlatch's decision to terminate him rather than on the credibility of Potlatch's reasons for termination. The proper focus is not whether Stevenson "was in fact performing his job adequately, but rather, whether there was sufficient evidence of unsatisfactory performance to be a legitimate concern of his employer." Douglas v. Anderson, 656 F.2d 528, 533 n. 5 (9th Cir.1981). Our concern is not whether Potlatch was correct in its determination that Stevenson's job performance was unsatisfactory, "but only with whether this was the real reason for the termination and not pretext for age discrimination." Id.
 
 
 6
 We have been generally cautious about granting summary judgment when motivation and intent are at issue. Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Nonetheless, Stevenson produced no facts which, if believed, would have shown pretext and tendered an issue for trial. See, e.g., Steckl, 703 F.2d at 393 (plaintiff "failed to produce any specific, substantial evidence of pretext"). In such instances, a summary procedure is appropriate "even when the plaintiff has established a prima facie case." Id. at 393-94.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3