892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard FORD, Plaintiff-Appellant,
v.
VARIAN ASSOCIATES, INC., a corporation, Black Company, Does
1 through 5, inclusive, Red Company, Defendants-Appellees.
 No. 88-2771.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.
Decided Dec. 14, 1989.
 
 Before NELSON, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ford appeals the district court's order granting summary judgment in favor of Varian Associates, Inc. on his age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621-34 (1967) ("ADEA"). He also appeals the court's ruling that his pendent state claims of wrongful discharge and breach of the covenant of good faith and fair dealing are preempted by California's Fair Employment Practices Act, Cal.Govt. Code § 12941 (West Supp.1989). The district court concluded that Varian had produced evidence that it had legitimate business reasons for deciding to layoff Ford and for declining to rehire him, and that Ford had failed to raise a triable issue that those reasons were a pretext for discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 To make out a claim of age discrimination under the ADEA, a plaintiff must show that age was a "determining factor" in the discharge. Mundy v. Household Fin. Corp., No. 88-5605, slip op. at 10896 (9th Cir. Sept. 6, 1989); Douglas v. Anderson, 656 F.2d 528, 531 (9th Cir.1981); Kelly v. American Standard, Inc., 640 F.2d 974, 984 (9th Cir.1981). To prevail on a disparate treatment theory, a plaintiff must prove intentional discrimination. A prima facie case is established by showing that the plaintiff was (1) over 40 years of age (2) qualified for his position (3) discharged and (4) replaced by a substantially younger employee with equal or inferior qualifications. Once a prima facie case is made out, the burden shifts to the employer to rebut the inference of discrimination by articulating a legitimate, non-discriminatory reason for the discharge. The plaintiff then must come forward with evidence that the employer's reason is mere pretext, concealing its discriminatory motive. See, e.g., Perez v. Curcio, 841 F.2d 255, 257 (9th Cir.1988); Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir.1987).
 
 
 4
 To withstand a motion for summary judgment in an age discrimination case under the ADEA, "the opposing party must 'produce specific facts showing that there remains a genuine factual issue for trial and evidence sufficiently probative as to any material fact claimed to be disputed.' " Miller v. Fairchild Indus., Inc., 797 F.2d 727, 731 (9th Cir.1986) (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (emphasis in original)). The plaintiff need not prove his case by a preponderance of the evidence. Id. Rather, he need only "tender a genuine issue of material fact as to pretext in order to avoid summary judgment." Cotton, 812 F.2d at 1248 (quoting Steckl, 703 F.2d at 393).
 
 II.
 A.
 
 5
 Assuming that Ford made the necessary prima facie showing on his termination claim, he did not meet his additional burden of tendering a genuine issue of material fact as to pretext. Steckl, 703 F.2d at 393. A plaintiff can show pretext either by evidence that a discriminatory reason was more likely to have motivated the employer, or by evidence that the explanation offered is "unworthy of credence." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Cotton, 812 F.2d at 1248.
 
 
 6
 Ford was a supervisor of technicians in Varian's Microwave Tube Division. Varian's evidence showed that the functions of the employees under Ford's supervision were duplicated elsewhere in the division, and that the division's business was declining. His position was effectively eliminated. In addition, those to whom Ford reported believed that his job performance had been poor. Over 40 employess, including Ford, were selected for layoff. These are legitimate, non-discriminatory reasons. Ford contends that inconsistencies in the reasons given by different Varian employees for his layoff call into question the credibility of the profferred explanations and raise an inference of pretext. However, whether one person thought he performed poorly and another, that his position was underutilized, is immaterial in the absence of any evidence that the real reason for termination was his age. Therefore summary judgment was properly granted on Ford's termination claim.
 
 B.
 
 7
 After Ford's layoff, a position of cost-pricing analyst in the Controller's organization opened up. The job involved analyzing cost data and preparing government contract proposals. Varian claimed it did not hire Ford because he did not have the necessary computer skills, he lacked recent experience in cost-estimating and current knowledge of government regulations, and he did not have an MBA. These are valid business justifications. Ford offered evidence that he was asked a question relating to how long he planned to work, that someone without an MBA was actually hired, that Varian's advertisement for the position said nothing about a qualification for computers and at least one person to whom he talked thought that computer skills were not necessary for the job, and that he thought he had sufficient experience in any event. Standing alone, neither the question about Ford's plans--asked, as it was, by a Varian employee who was also a long-time friend aged 66--nor the discrepancy between the content of the advertisement and the preferences of management, reasonably permits the inference that Varian was more likely motivated by age than by the reasons it gave.
 
 
 8
 Ford argues that together, his layoff for ambiguous reasons and the circumstances surrounding his not being rehired suffice to make Varian's position incredible. While he also argues that none of the hiring authorities actually investigated his experience and so mistakenly believed he lacked the skills being sought, Ford adduced no evidence that the belief was not truthfully held. By the same token, Ford's testimony about previous exposure to cost estimating does not cast meaningful doubt on Varian's view that his experience was dated. Finally, the fact that there may be a conflict in opinion about how essential computer skills were for the job, does not in the circumstances tend to make the articulated reasons noncredible. The person who did not believe computer skills were essential was not the responsible manager, who believed they were. In any event, disagreement about whether computer skills were truly critical does not raise a genuine issue in light of the fact that cost-estimating skills and current knowledge of government regulations were deemed important by everyone. We conclude that Varian's reasons were not pretextual.
 
 III.
 
 9
 The exclusive remedy for age discrimination in California is statutory. Salgado v. Atlantic Richfield Co., 823 F.2d 1322, 1327 (9th Cir.1987). Ford presented no evidence which would support his state law claims on grounds other than age discrimination. Therefore, the district court properly held that Ford's state law claims of wrongful discharge and breach of the covenant of good faith and fair dealing were preempted by the Fair Employment Practices Act, Cal.Govt. Code § 12941 (West Supp.1989).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3