992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrell JACKSON, a/k/a Rashad Ali Muhammad,
Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 92-16420.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell H. Jackson, an Arizona state prisoner, appeals pro se the district court's order granting summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 civil rights action. He alleges that prison officials violated his eighth amendment rights by refusing him exercise, shower, and cell cleaning privileges from September 1, 1989 to September 13, 1989, and that he was placed in administrative detention without due process. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Standard of Review
 
 3
 This court reviews the district court's grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1986). Summary judgment is only appropriate if there is no genuine issue of material fact and the district court applied the substantive law correctly. Perez v. Curcio, 841 F.2d 255, 256 (9th Cir.1988). A material fact is one that is relevant to the determination of the action. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material fact. Matsushita Elec. Industrial Co., Inc. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). When the factual context makes the nonmoving party's claim implausible, that party must come forward with evidence even more persuasive than would otherwise be necessary to show that there is a genuine issue for trial. Cal. Architectural Bldg Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2 1466, 1468 (9th Cir.1987), cert. denied, 484 U.S. 1006 (1988). Consequently, a mere scintilla of evidence is not sufficient; there must be sufficient evidence upon which the jury could find for the nonmoving party. Anderson, 477 U.S. at 252.
 
 Due Process Claim
 
 4
 Appellant contends that he was placed in administrative detention for twelve days in violation of his fourteenth amendment right to due process. We reject this contention. Prison officials have broad administrative and discretionary authority over the institutions they manage. Hewitt v. Helms, 459 U.S. 460, 467 (1983). Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Id. Administrative confinement is a type of confinement that inmates should reasonably anticipate receiving at some point in their incarceration, and it does not involve interests independently protected by the due process clause. Id., 459 U.S. at 468; Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986).
 
 
 5
 A protected liberty interest may also arise from the laws of a state. Hewitt, 459 U.S. at 466. Arizona penal laws do not create a protected liberty interest in a prisoner remaining in the general prison population. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). However, state regulatory measures that impose substantive limitations on the exercise of official discretion may create a liberty interest. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). These limitations must contain mandatory language requiring specific substantive predicates. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989). Appellant contends that Arizona, through implementing Director's Management Objective (DMO) 88-06, created a liberty interest by using mandatory terms governing the procedures used to place an inmate into administrative detention. We need not reach this contention because DMO 88-06 became effective on April 29, 1988 and, by its own terms, expired within one year of publication. Therefore, DMO 88-06 was not in effect at the time appellant was placed into administrative detention on September 1, 1989.
 
 
 6
 As Arizona penal laws do not create a protected liberty interest in an inmate being in the general population, and the administrative policy relied on by the appellant expired prior to his being placed in administrative segregation, the district court properly granted summary judgment in favor of the defendants on his due process claim.
 
 Eighth Amendment
 
 7
 Appellant alleges that he was placed in administrative segregation for 12 days without being permitted to shower, exercise, or to clean his cell in violation of the "cruel and unusual" punishment clause of the eight amendment.
 
 
 8
 In support of their motion for summary judgment, appellees adduced prison logs showing that, during the 12 day period appellant was in administrative detention, appellant took five showers and refused to take one other, he was permitted to exercise three times and refused the opportunity to exercise another two times, and he was permitted to clean his cell once.[1] Appellant responds to the detailed prison logs with a bald assertion that they are bogus. This is insufficient to withstand summary judgment. See Franciscan Ceramics, Inc., 818 F.2d at 1468. As appellant failed to show "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," Franciscan Ceramics, Inc., 818 F.2d at 1468, the district court properly granted summary judgment.
 
 
 9
 Because appellant had no liberty interest in remaining in the general prison population, and because he failed to produce sufficient evidence to withstand summary judgment on his claim of cruel and unusual punishment, the district court properly granted summary judgment in favor of the prison officials.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if appellant was able to prove his allegations, he failed to state a claim of cruel and unusual punishment. See Harris v. Flemming, 839 F.2d 1232, 1234-35 (5th Cir.1989); Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir.1988)