94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald I. WASHINGTON, Plaintiff-Appellant,
v.
HONEYWELL, INC., Defendant-Appellee.
 No. 94-55590.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Aug. 13, 1996.
 
 ORDER
 The petition for rehearing is denied except to the extent corrections are reflected in the amended memorandum disposition filed simultaneously with this order.
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM*
 
 
 2
 Gerald I. Washington appeals the grant of summary judgment to Honeywell, Inc., dismissing his age and race discrimination action. The action, based on California state law claims, was removed to federal court by Honeywell on diversity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 3
 * Because of Honeywell's challenges, we must determine which of the materials Washington has submitted are properly before us. We conclude that: 1) the continuing violation doctrine allows Washington to present evidence of events otherwise barred by the statute of limitations to support his claims that are not time barred, 2) likewise, the administrative exhaustion doctrine does not limit the evidence Washington may present to support his administratively exhausted claims, and 3) the apparent inconsistency between Washington's deposition and his subsequent affidavit does not prevent consideration of his affidavit.
 
 
 4
 * Washington filed his administrative claim against Honeywell on December 11, 1992. Ordinarily, the one year statute of limitations, Cal.Gov't Code § 12960, would bar Washington from relying on claims that arose before December 12, 1991. Several of Washington's allegations fall into that category, including his claim that in 1988 Honeywell transferred him out of his Repair Shop Supervisor post and replaced him with a younger, white employee.
 
 
 5
 However, the statute of limitations notwithstanding, these allegations are admissible under the continuing violation doctrine. "[A] systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period." Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924 (9th Cir.), cert. denied, 459 U.S. 971 (1982); see also Accardi v. Superior Court, 21 Cal.Rptr.2d 292, 296-97 (Cal.Ct.App.1993). When the pre-bar events are "related closely enough" to the post-bar events, the doctrine allows the introduction of evidence of such events to help prove the continuing violation. Green v. Los Angeles County Superintendent of Schs., 883 F.2d 1472, 1480-81 (9th Cir.1989) (citation omitted); see also Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990).
 
 
 6
 We conclude that the incidents alleged by Washington are "related closely enough" that a fact-finder should be allowed to consider them to determine whether there has been a continuous violation. All of Washington's post-bar claims concern race and age discrimination in demotions and diminishment of managerial authority. Washington's pre-bar claims are similar; for example, his 1988 transfer allegedly involved race and age discrimination. See Accardi, 21 Cal.Rptr. at 296-97 (where post-bar allegations concerned workers' compensation and pre-bar allegations concerned explicit gender discrimination, court admitted evidence of pre-bar conduct).
 
 
 7
 Honeywell argues Washington must also prove that despite exercising reasonable diligence, he was not aware of the alleged discrimination until after the statute of limitations had run. While other circuits have adopted this rule, see, e.g., Abrams v. Baylor College of Medicine, 805 F.2d 528, 533 (5th Cir.1986), the California courts which govern this diversity case impose no such requirement. See, e.g., Accardi, 21 Cal.Rptr.2d at 297 (plaintiff allowed to challenge explicit gender discrimination beginning 11 years before filing suit). Although not controlling this case, we note that our circuit also has rejected such a requirement in Serpe v. Four-Phase Systems, Inc., 718 F.2d 935, 938 (9th Cir.1983); see also Green, 883 F.2d at 1480-81 (analyzing only relationship between events); Sosa, 920 F.2d at 1455-56 (same).
 
 B
 
 8
 While Washington's administrative complaint challenged only events on and after December 13, 1991, his legal complaint offers evidence of earlier events. For substantially the same reasons that events otherwise barred by the statute of limitations are admissible, the doctrine of administrative exhaustion does not prevent Washington from submitting evidence of the earlier events in support of his administratively exhausted claims. There need only be a "fit" between the administrative and legal complaints. Ong v. Cleland, 642 F.2d 316, 318 (9th Cir.1981); see also Green, 883 F.2d at 1476.
 
 C
 
 9
 Honeywell urges that the apparent inconsistency between Washington's deposition and his subsequent affidavit should preclude reliance on the affidavit. We disagree. Washington testified that the only evidence he had to support his age discrimination claim was the fact that his replacement as Repair Shop Supervisor was a younger employee. Deposition of Gerald I. Washington of Dec. 2, 1993, at 2:427-29. However, Washington's subsequent affidavit contained two new allegations to support this claim: 1) a manager told Washington that Honeywell "liked to promote aggressive younger people," and 2) all seven Systems Specialists demoted in June 1993 were older than 40. Declaration of Gerald I. Washington of Jan. 10, 1994, at 7, 11.
 
 
 10
 On a motion for summary judgment, the court must consider new facts alleged in an affidavit if the inconsistency is "an honest discrepancy, a mistake, or the result of newly discovered evidence." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 267 (9th Cir.1991). Washington's failure to remember all of his evidence during the tension of a deposition could be an honest mistake or the information could have come to him at a later time. The court, in any event, may not exclude newly alleged evidence without making "a factual determination that the contradiction was actually a 'sham.' " Id. Here, the district court made no such finding and no evidence suggests that Washington intentionally withheld evidence.
 
 
 11
 Moreover, Washington's affidavit supplemented rather than contradicted any material facts from his deposition, unlike cases where the court disregarded an affidavit. See Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir.1975) (plaintiff admitted then denied receiving a job offer and quitting); Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1462 (9th Cir.1985) (plaintiff admitted then denied her refusal to work outside Monterey), cert. denied, 475 U.S. 1048 (1986).
 
 II
 
 12
 We now reach the merits of Washington's claims. We review de novo a grant of summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). Discrimination cases by their very nature require that the fact finder draw inferences from a variety of events and actions, often subtle, often at least in part from indirect evidence. Intent to discriminate in today's world is not openly expressed. Our role, then, is to determine whether a sufficient showing has been made that inferences of discrimination could be drawn from the evidence that will be adduced at trial. We conclude that Washington submitted sufficient evidence to create triable issues of fact as to his race and age discrimination claims.[1]
 
 
 13
 * In actions claiming racial discrimination, the California courts have adopted the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), analytic regime. Clark v. Claremont Univ. Ctr., 8 Cal.Rptr.2d 151, 164 (Cal.Ct.App.1992); Mixon v. Fair Employment & Housing Comm'n, 237 Cal.Rptr. 884, 890 (Cal.Ct.App.1987).
 
 
 14
 Washington made out his prima facie case. He is black. Honeywell promoted him five times, indicating satisfactory performance. Subsequently, on two occasions, Honeywell demoted Washington and allegedly retained or replaced him with a white employee. First, when Honeywell transferred Washington from Repair Shop Supervisor to a nonsupervisory position in November 1988, it allegedly replaced him with a white employee. Second, when Washington served as a Systems Specialist between December 1991 and June 1993, Honeywell gave Washington no managerial authority but Washington asserts that Honeywell did give such authority to a white Systems Specialist.
 
 
 15
 Honeywell claimed each demotion was the result of either Washington's inadequacies or a business downturn. However, we conclude Washington came forward with at least some "specific, substantial evidence of pretext," Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994) (citation omitted), adequate to avoid summary judgment. See St. Mary's Honor Ctr. v. Hicks, --- U.S. ----, ----, 113 S.Ct. 2742, 2749 (1993) ("disbelief of the reasons put forward by the defendant," together with the elements of the prima facie case, may establish discrimination).
 
 
 16
 While Honeywell claims Washington was an inadequate Repair Shop Supervisor, Washington repeatedly challenged the accuracy of his negative evaluations, Deposition of Gerald I. Washington of Dec. 2, 1993, at 2:402-10, and a Honeywell manager admitted that the white employee who replaced Washington was no more qualified and in fact lacked the required practical experience. Deposition of David S. MacGowan of Dec. 10, 1993, at 88, 95. While Honeywell claims a business downturn prevented Washington from exercising a Systems Specialist's managerial duties, Honeywell nonetheless gave such duties to a white Systems Specialist.
 
 B
 
 17
 California courts also apply the McDonnell Douglas analytic model to age discrimination cases. Nesbit v. Pepsico, Inc., 994 F.2d 703, 704-05 (9th Cir.1993); Ewing v. Gill Industries, Inc., 4 Cal.Rptr.2d 640, 644-45 (Cal.Ct.App.1992).
 
 
 18
 Washington made out a prima facie case. Born in 1947, Washington was over age 41 during the events he describes. His several promotions suggest that Washington's performance was satisfactory until at least 1988. In November 1988, Honeywell transferred Washington out of his position as Repair Shop Supervisor and allegedly replaced him with a younger employee. In June 1993, Honeywell demoted seven Systems Specialists to Technical Specialist positions, among them Washington. He alleges all were older than age 40.
 
 
 19
 While Honeywell claimed Washington's poor performance as a supervisor and the sluggish aerospace economy forced his demotions, here too Washington produced some "specific, substantial evidence" that these explanations were pretexts to hide age discrimination. Washington challenged the evaluations of his performance as a supervisor, and a Honeywell supervisor admitted his replacement was not more qualified. Washington also claims that all of the demoted Systems Specialists were older than age 40. Declaration of Gerald I. Washington of Jan. 10, 1994, at 11.
 
 
 20
 Moreover, a manager allegedly told Washington that Honeywell "liked to promote aggressive younger people." Declaration of Gerald I. Washington of Jan. 10, 1994, at 7. While " 'stray' remarks are insufficient to establish discrimination," Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990) (manager told plaintiff he promoted other candidate because he was "a bright, intelligent, knowledgable young man"), "[c]omments suggesting that the employer may have considered impermissible factors are clearly relevant to a disparate treatment claim." Id.; see, e.g., Samarzia v. Clark County, 859 F.2d 88, 91 (9th Cir.1988) (manager called plaintiff "senile" and circled words "retire now" in a memo to plaintiff), amended by, 866 F.2d 1185 (9th Cir.1989). The Honeywell manager's alleged statement was not limited to a single employee's treatment as in Merrick. If true, it went to the heart of the claim. See Smith v. Firestone Tire & Rubber Co., 875 F.2d 1325, 1330 (7th Cir.1989) (stray remarks, "when unrelated to the decisional process, are insufficient to demonstrate that the employer relied on illegitimate criteria." (emphasis added)).
 
 III
 
 21
 Washington's age and race discrimination claims should survive summary judgment. We reverse the district court's grant of summary judgment on those claims and remand them for trial. We affirm the district court's grant of summary judgment on Washington's other claims.
 
 
 22
 Affirmed in part; reversed in part.
 
 
 23
 Appellant is awarded his costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Washington did not submit evidence of his intentional infliction of emotional distress claim. This claim has four elements: outrageous conduct, emotional distress, intent, and causality. Cervantez v. J.C. Penney Co., Inc., 595 P.2d 975, 983 (Cal.1979) (en banc). Washington argued without authority that discrimination of itself is outrageous and offered no evidence of the other elements. Washington abandoned the other claims of his complaint by not arguing them on appeal. E.W. French & Sons, Inc. v. General Portland Inc., 885 F.2d 1392, 1395 (9th Cir.1989)