142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evans BARGMANN, husband Evelyn Bargmann, wife Plaintiff-Appellants,
v.
TRANSCONTINENTAL MOTOR HOTELS INC., a Delaware Corporation
Defendant-Appellee.
 No. 97-15895.
D.C. No. CV 95-1072-PGR.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 11, 1998.
Decided April 22, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding.
 
 
 2
 Before FERGUSON and THOMAS, Circuit Judges, and MOLLOY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioner Evans Bargmann appeals from the district court's grant of summary judgment in favor of Harvey Hotel Management Corporation. The district court concluded that Bargmann failed to produce sufficient probative evidence establishing that age was a determinative factor in his employment termination. This Court reviews de novo the district court's grant of summary judgment on an age discrimination claim. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Summary judgment will be rendered when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Because genuine issues of material fact exist, we reverse the district court's grant of summary judgment.
 
 BACKGROUND
 
 5
 In November 1980, appellant Evans Bargmann was hired by Transcontinental Motor Inn. In late January 1995, Harvey Hotel acquired Transcontinental. Despite the ownership and name changes, Bargmann remained employed in his position of General Manager until March 1995. From 1989 through 1995, Bargmann was supervised by Gary Opdahl, Regional Director. While Opdahl was Bargmann's supervisor, he often chided Bargmann and made jokes because of Bargmann's age.
 
 
 6
 On January 28, 1995, after Harvey Hotel acquired Transcontinental, Opdahl gave Bargmann a retire-or-be-fired ultimatum. Immediately upon his refusal to retire, Bargmann was placed on a thirty-day probation. Bargmann's employment was terminated on March 13, 1995. Bargmann was 74 years of age at the time of his termination. On the day of Bargmann's termination, Opdahl called Debbie DeVeuve, a night manager, into his office and told her that Bargmann had been terminated. Opdahl told DeVeuve that she did not have to worry about her position with Harvey Hotel and that the company would be great for her because she was young. Immediately after making the statement, Opdahl told DeVeuve that he should not have made that statement because he did not know whether there were microphones in the room.
 
 DISCUSSION
 
 7
 The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits any employer from discharging an individual because of age. 29 U.S.C. § 623(a)(1). It is undisputed that Bargmann established a prima facie case of age discrimination. Harvey Hotel in turn presented sufficient evidence of a legitimate, non-discriminatory reason for terminating Bargmann. Now, Bargmann may show that Harvey Hotel's reason for terminating him was pretextual. To avoid summary judgment, Bargmann must demonstrate a genuine issue of material fact as to pretext. Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1437 (9th Cir.1990).
 
 
 8
 This Court "require[s] very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry--one that is most appropriately conducted by the factfinder, upon a full record." Schnidrig v. Columbia Machine Inc., 80 F.3d 1406, 1410 (9th Cir.1996) (internal quotations omitted). Any indication of discriminatory motive may suffice to raise a question that can only be resolved by a factfinder. Id. at 1409.
 
 
 9
 For an age-related comment to have probative value and establish evidence of discriminatory animus, the comment must be made by a decision maker and related to the employment decision. Merrick v. Farmers Ins. Group, 892 F.2d at 1438-39. The comment must not be a single, isolated comment. Id. In addition, the comment must be unambiguous. See Schnidrig, 80 F.3d at 1411 (citing Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir.1993) (holding comment to be "stray" when it is uttered in an ambivalent manner and not directly tied to employment decision)).
 
 
 10
 Here, Bargmann showed that the age-related comments were made by his supervisor Opdahl, who was directly involved in the decision to terminate Bargmann. Bargmann also showed that the comments were not single or isolated, rather they were made continuously throughout the last several years of his employment. In addition, the age-related comment made to DeVeuve occurred on the date of Bargmann's termination.
 
 
 11
 Moreover, Bargmann produced evidence that Opdahl repeatedly requested his retirement, and threatened that if Bargmann did not retire, he would be fired. This Court has held that suggestions of retirement by a supervisor together with a reference to the employee as "senile," creates a factual question of age discrimination. Samarzia v. Clark County, 859 F.2d 88, 91-92 (9th Cir.1988). Ultimately, "the question of an employer's intent to discriminate is a 'pure question of fact.' " Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1111 (9th Cir.1991) (quoting Pullman-Standard v. Swint, 456 U.S. 273, 287-88, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982)). In light of the foregoing, a jury could have reasonably concluded that Opdahl's comments exhibited discriminatory animus toward Bargmann.
 
 CONCLUSION
 
 12
 The district court erred in granting summary judgment in favor of Harvey Hotel. Genuine issues of material fact remain regarding whether Bargmann was terminated for age-related reasons, in violation of the ADEA.
 
 
 13
 REVERSED.
 
 
 
 **
 Honorable Donald W. Molloy, United States District Judge, for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3