**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICH FORSYTH; et al., | No. 15-56709 |
| Plaintiffs-Appellants, | D.C. No. 8:14-cv-01251-JVS-KES |
| v. | |
| CITY OF BUENA PARK, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and RICE,[**] Chief District
Judge.

Plaintiffs Rich Forsyth, Steve Holliday, and Kevin Shea, lieutenants at the

Buena Park Police Department, appeal from the district court's grant of summary

judgment in favor of Defendant City of Buena Park on their retaliation claim under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

the Fair Labor Standards Act. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

The district court granted summary judgment to Defendant after concluding that Plaintiffs had failed to offer evidence sufficient to create a genuine dispute of material fact over whether Defendant's proffered justifications for the employment actions were pretextual under the third step of the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff may show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000)). Plaintiffs raised genuine issues of material fact as to whether Police Chief Corey Sianez's justifications for not promoting Plaintiffs were pretextual in both ways.

First, Plaintiffs raised triable issues as to whether the Police Chief's main justifications – that Plaintiffs were not "loyal" and not "team players" – were in fact consistent with a retaliatory motive. *See EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1014 (9th Cir. 1983) ("Almost every form of 'opposition to an unlawful employment practice' is in some sense 'disloyal' to the employer, since it

2

entails a disagreement with the employer's views and a challenge to the employer's policies. . . . If [an adverse employment decision] may be imposed based simply on 'disloyal' conduct, it is difficult to see what opposition would remain protected."). This, combined with other circumstantial evidence of retaliation, such as the temporal proximity of the 2013 non-promotion to the ongoing FLSA lawsuit, the Police Chief's deviation from longstanding practices in opening up the 2013 promotional to external candidates and evidence by current and former officers that the Police Chief often used the promotion process to punish or reward officers based on their loyalty created triable issues as to whether a retaliatory motive more likely motivated his employment decisions.

Alternatively, Plaintiffs point to specific and substantial evidence contradicting many of the Police Chief's asserted reasons for not promoting each Plaintiff, thus raising triable issues as to whether his reasons are "unworthy of credence." *Villiarimo*, 281 F.3d at 1062. Defendant relies heavily on pre-lawsuit performance evaluations to show that the Police Chief had preexisting concerns about Plaintiffs' work performance, but those evaluations also contradicted his stated reasons or were silent as to them, leading to conflicting reasonable inferences as to the basis for his decisions. Given the conflicting evidence, this

claim should be resolved at trial, not at summary judgment. *See Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir. 1988).

However, summary judgment should be affirmed as to Forsyth's non-promotion during the 2013 promotional. The evidence shows that Forsyth failed the promotional exam, thereby rendering him ineligible for consideration by the Police Chief because he did not follow directions on the written answer and oral interview portions of the exam. Thus, it was Forsyth's failure on the exam, not the Police Chief's retaliatory animus, that was the but-for cause for his non-promotion in 2013.

We therefore affirm the grant of summary judgment as to Forsyth's claim regarding the 2013 non-promotion but otherwise reverse and remand. The district court's costs order is vacated. *R & R Sails, Inc. v. Insur. Co. of Penn.*, 673 F.3d 1240, 1248 (9th Cir. 2012) (reversal of the underlying judgment "necessitates reversal of the district court's award of costs as well").

Each party to bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**