Kathryn M. MADDEN, an individual; Agnes Shoolbraid, an individual; Patsy Huggard, an individual; Carol M. DeSmet, an individual; Robert I. Clarke, an individual; Fern M. Gynac, an individual, Plaintiffs,

v.

INDEPENDENCE BANK, a California corporation; Fulvio Dobrich, an individual, Defendants.

Patricia WYSKOCIL, an individual, Plaintiff,

v.

INDEPENDENCE BANK, a California corporation; Fulvio Dobrich, an individual, Defendants.

Michael J. LANDOLFI, an individual, Plaintiff,

v.

INDEPENDENCE BANK, a California corporation; Fulvio Dobrich, an individual, Defendants.

Nos. CV–90–189–LEW, CV–90–2437–LEW and CV–90–4160–LEW.

United States District Court, C.D. California.

April 1, 1991.

---

Howard P. Brody, Grossman Graven Perry & Block, Los Angeles, Cal., for Michael J. Landolfi.

Shirley D. Deutsch, Littler, Mendelson, Fastiff & Tichy, Los Angeles, Cal., for defendants.

LAUGHLIN E. WATERS, Senior District Judge.

Defendants' motion for summary judgment came on for hearing before the Honorable Laughlin E. Waters, Senior United States District Judge, on February 19, 1991. Based on the documents filed for this motion, the oral arguments and the case file, the Court finds as follows:

### FACTS

The plaintiffs in these consolidated actions are former employees of Independence Bank. In late May 1989, Fulvio Dobrich became Chairman of the Board of Directors and Chief Executive Officer of Independence Bank. According to Dobrich, the bank was under tremendous financial and regulatory pressure at that time, and he felt it necessary to reduce staff in order to promote a more efficient and profitable operation of the bank. Stated simply, the plaintiffs allege that Dobrich did not necessarily want to eliminate jobs as much as he wanted to eliminate certain workers over forty years of age who did not fit his idea of the bank's corporate image.

The plaintiff's complaint alleges causes of action for age discrimination, fraud and negligent misrepresentation. The defendants move for summary judgment on all claims, and plaintiff opposes and files a request for *sua sponte* summary judgment in his favor.

The facts relating to plaintiff Landolfi are that he was relatively inexperienced as a loan officer (his two previous years in banking before he was hired by Independence Bank in 1988 were as an inspector and cost-estimator of construction projects), and he had no formal training in the field of real estate construction loans. Although his immediate supervisor, Don Young, thought he was a good worker, William Pechstein, Executive Vice–President of the Bank, determined that twelve of the forty-four loan applications submitted for approval by Landolfi in the year 1989 were rejected for insufficient informa-

tion and three of the twelve were not viable on their faces.

Duane Purvin replaced Don Young as Landolfi's immediate supervisor on December 18, 1989. After reading a November 28, 1989 consultant's report on the real estate loan department, Purvin decided that more stringent procedures were required to operate profitably. He tried for a two week period to teach Landolfi the new procedures, but after that time decided that Landolfi was "not bright enough" to catch on. Purvin gave Landolfi sixty days notice to find new employment. He states that had Landolfi's performance improved during that time he would have kept him on. Purvin states that the decision to fire Landolfi was his alone, and plaintiff provides no contradictory evidence.

Several weeks after Purvin told Landolfi of his impending discharge, another real estate loan officer started working in the department. However, that employee, Neil Bedlock, was not hired to replace Landolfi. He had been hired by Purvin's predecessor, Young, as an additional officer in the department. During that same time period, Kate Dunn was added to the department. The defendants allege that her position was not the same as Landolfi's, in that her function was to sell off some of the bank's pre-existing real estate construction loans to other banks so that the bank could offer new loans without increasing its percentage of business derived from real estate loans. The defendants admit that Kate Dunn was not experienced in the field, but Purvin states that she is bright and quickly learned the proper procedures. Moreover, there is evidence that Dunn and Dobrich had a "dating relationship," and that is why he recommended her to Purvin to fill the new position. During the relevant time period, Purvin was forty-four years old and Landolfi was forty. Purvin states that he was not aware of Landolfi's age at that time.

## DISCUSSION

### A. Age Discrimination Claims.

■ There is some confusion among the parties as to the applicable standards and burden of proof on summary judgment in the context of a claim for age discrimination. On a motion for summary judgment the opposing party must set forth facts showing a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This means that the opposing party must produce "sufficient" evidence such that a reasonable jury could rule in its favor. *Id.*

In a case for age discrimination, it is the initial burden of the plaintiff to make a *prima facie* case of purposeful or intentional age discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This means that age must have been a "determining factor" in the decision to fire the plaintiff, although it need not be the only reason. *Cancellier v. Federated Department Stores,* 672 F.2d 1312 (9th Cir. 1982). The elements of a *prima facie* case of age discrimination are: 1) the plaintiff was between 40 and 70 years old; 2) plaintiff was fired; 3) plaintiff was performing his job satisfactorily; 4) plaintiff was discharged under circumstances which give rise to an inference of unlawful discrimination. *Douglas v. Anderson,* 656 F.2d 528, 531 (9th Cir.1981).

Plaintiff makes a *prima facie* case of age discrimination. He was forty years old when he was fired. He has produced evidence in the form of testimony from his former supervisor Don Young that his performance had been considered to be satisfactory. He has produced evidence giving rise to an inference of unlawful age discrimination in the form of statistical data analysis by an expert witness, Dr. David Lewin, who states in his declaration that the average age of employees at the bank had decreased in the relevant time period, and that the number of employees at the bank had increased, rather than decreased during that period. He produces further evidence of Dobrich's comments about wanting a "younger image" at the bank, and other disparaging remarks by Dobrich aimed at older employees at the bank.

Once a *prima facie* case has been made, the burden shifts to the defendant to produce evidence of a valid, non-discriminatory motive for firing the plaintiff. In this case, the defendant produces more than enough evidence to rebut the presumption of discrimination. Landolfi was not qualified either by education or experience to do the job. He did not have a satisfactory record of loan application recommendations according to Pechstein. Although his former supervisor, Don Young, gave him good reviews and did not express any dissatisfaction with his work, the new supervisor, Purvin, determined that the entire department had been run improperly. He made that determination on the basis of a consultant's report completed less than a month before he took over the department. This lessens the significance of Young's testimony, because it appears that Young's management was not competent in the opinion of the consultants.

■ The hiring of Bedlock is irrelevant to plaintiff's age discrimination claim in light of the information provided by defendant, and un-rebutted by plaintiff, that Bedlock's position was added to the department, and that he was hired by Young prior to Purvin's taking over the management of the department. The hiring of Kate Dunn adds an interesting twist to the analysis. Defendants argue that her position is different from that held by Landolfi, but Landolfi claims that he actually helped train her. There is substantial evidence that the real reason Dunn was added to the department was because she had a personal relationship with Dobrich, and was hired at his suggestion. The legal standard applicable here is quite clear: the judge may not substitute his judgment for that of management. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981). The reason the employee was terminated need not meet with the approval of the judge so long as it is not based on age. *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir.1981).

Once the defendant meets its burden, the burden again shifts to the plaintiff to prove by the preponderance of the evidence that the defendant's reasons are simply a pretext, and that age was actually the motivating force behind the firing. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) (developing this standard in the context of a Title VII discrimination case arguing disparate treatment theory). However, it should be noted that *Watson* dealt with the plaintiff's ultimate burden of proof, while this is a motion for summary judgment. In the summary judgment context, the opposing party need not produce enough evidence to actually win its case at this stage, rather evidence sufficient that a reasonable jury might find in its favor is all that is required. Moreover, the plaintiff may overcome the defendant's defense with either *direct* or *indirect* evidence of discriminatory intent. To rebut the defendant's case and establish that the supposedly legitimate reason is merely a pretext, the plaintiff must produce credible evidence that age discrimination more likely than not motivated the defendant's actions, or that the reason offered by the defendant is not credible. *Real v. Continental Group, Inc.*, 627 F.Supp. 434 (N.D.Cal.1986). As summarized by the Ninth Circuit, the plaintiff must produce specific, "substantial" evidence to refute the reasons supplied by the defendant, as well as evidence which creates a reasonable inference of discrimination. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983).

Weighing the evidence, taking all of the allegations as true, it is more likely than not that the reasons why Landolfi was fired were: 1) new management thought he was incompetent; and 2) Dobrich wanted his girlfriend to have the job. While this may be unfair and immoral, it is not age discrimination.

*B. Fraud and Negligent Misrepresentation.*

■ A cause of action for fraud in California requires a showing of the following elements: 1) representation; 2) falsity; 3) knowledge of falsity; 4) intent to deceive; 5) justifiable reliance; 6) resulting damage. *Crocker–Citizens Nat. Bank v. Control Metals Corp.*, 566 F.2d 631, 636 (9th Cir. 1977). The difference between intentional misrepresentation and negligent represen-

tation is that the latter only requires that the statement or omission was made without a reasonable basis for believing its truthfulness rather than actual knowledge of its falsity. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App.3d 388, 402, 264 Cal.Rptr. 779 (1989).

In this case, plaintiff's claim for fraud or negligent misrepresentation is based on his supervisor's statement to him when he was terminated that his position was being eliminated, when in fact, he asserts, he was fired because of his age. Defendants argue that his job was eliminated, that Bedlock was hired for a new position, and Dunn for another new position. This, of course, is disputed by some credible evidence that Kate Dunn was hired to replace Landolfi for personal reasons. Defendants next argue that they are entitled to summary judgment because, even if the supervisor did make that statement and it was false, plaintiff did not detrimentally rely on it. This argument has merit. Landolfi's argument is that he detrimentally relied on his supervisor's statement that his position was eliminated and so did not pursue channels within the bank for procuring another position. Even if, as he alleges, Landolfi's supervisor did tell him that the job was being eliminated, the bank did nothing to prevent him from seeking other positions within the bank. His choice not to fight his termination does not create a cause of action for misrepresentation. Defendant is correct when it argues that, absent an affirmative statement by the bank informing him that he was not allowed to use those options, there was no detrimental reliance on anything the bank told him. Summary adjudication of this issue should be granted.

Defendants' motion for summary judgment on plaintiff's age discrimination claims is GRANTED.

Defendants' motion for summary judgment on the fraud and negligent misrepresentation claims is GRANTED.

IT IS SO ORDERED.