George A. SETTLE, Plaintiff,

v.

K MART CORPORATION, Defendant.

No. 93–1637–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

July 13, 1994.

---

**4.** The court recognizes that some of these categories overlap.

Wayne L. Allen, Law Office of Wayne L. Allen, Melbourne, FL, for plaintiff.

Gerald Thomas Harper, Haynsworth, Baldwin, Johnson & Harper, Jacksonville, FL, for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment (Dkt. 28), and the Response (Dkt. 46). This is an action under the Age Discrimination in Employment Act of 1967, as amended, (29 U.S.C. Section 621 *et seq.*) ("ADEA").

## BACKGROUND

K MART hired Plaintiff, George A. Settle ("SETTLE"), as a Manager-in-Training in the Auto Service Center of the Brandon, Florida store on October 18, 1979. Settle was thirty-seven years of age at the commencement of his employment with K MART. In 1980, Settle was offered the choice of either the Houston or Shreveport, Louisiana Auto Service Centers, and he chose Shreveport. Settle was named Auto Service Center Manager of that store.

After expressing an interest in returning to Florida, Settle was transferred as the Auto Service Manager at the Palm Bay, Florida Store in February, 1987. Settle was approximately forty-four years of age at the time of the transfer. On November 27, 1989, Settle received a written warning for unsatisfactory work performance. Then, on March 8, 1990, Settle was demoted to the Manager-in-Training Program at the Brandon, Florida store.

Settle was promoted back to a manager position in the Fall of 1990. He was then offered a position at the Winter Haven store. However, Settle selected a position as manager of the Brooksville Auto Service Center. The District Manager, Lloyd Brasher ("BRASHER"), began to document Settle for performance concerns.

While Settle was on vacation during March of 1991, Edwin Mellies ("MELLIES") replaced Settle as the Auto Service Manager in Brooksville. During this time, the store experienced an increase in sales. On May 17, 1991, Brasher conducted an interview with Settle and gave him an unsatisfactory performance evaluation. Settle was told that his Center was deficient as to district standards because of low sales and insufficient profit, and that the situation would have to improve significantly to achieve district goals and objectives.

On June 27, 1991, Settle was placed on a sixty (60) day probation based on the unsuccessful profit and sales results of the Auto Service Center. On August 3, 1991, Settle's thirty (30) day progress report showed no significant change. Settle was terminated on September 4, 1991, for unsatisfactory job performance; he failed to achieve goals and objectives set out during his probationary period. Settle was forty-nine years old at the time of his termination by K MART.

There were not any age-related comments made about Settle by any decision-making K MART managers. After Settle was terminated, Brasher selected Mellies as Settle's replacement at Brooksville. Mellies was approximately fifty-six years old at the time he replaced Settle. Settle filed charges with both the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC"). On June 6, 1993, the EEOC issued a no-cause determination.

## BURDENS OF PROOF

"[T]he Title VII plaintiff at all times bears the ultimate burden of persuasion." *St. Mary's Honor Center v. Hicks,*

—— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In order for the burden to shift to the defendant to prove that there were legitimate, nondiscriminatory reasons for adversely affecting the plaintiff, the plaintiff must first establish by the preponderance of the evidence a *prima facie* case of age discrimination. Even when the burden of production is shifted to the defendant to rebut that unlawful discrimination was not the cause of the challenged employment action, the ultimate burden remains with the plaintiff.

### PRIMA FACIE CASE

■ The Eleventh Circuit has adopted a variation of the four-pronged test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) for establishing with circumstantial evidence a *prima facie* case under the ADEA. The plaintiff must prove:

(1) that Plaintiff is a member of the protected group;

(2) that an adverse employment action was taken against Plaintiff;

(3) that Plaintiff was replaced (from a member outside the protected group); and

(4) that Plaintiff was qualified for the position.

*Castle v. Sangamo Weston*, 837 F.2d 1550, 1558 (11th Cir.1988); *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1442 (11th Cir.1985), *cert. denied* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985) (quoting *Pace v. Southern Ry. Sys.*, 701 F.2d 1383, 1386 (11th Cir.1983), *cert. denied* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983)).

■ Whether a *prima facie* case of discrimination has been established is essentially a factual question. *Castle v. Sangamo Weston*, 837 F.2d 1550 (11th Cir.1988). Settle, age forty-nine, is in the protected group, as the protections of the ADEA reach persons between ages 40 and 70. 29 U.S.C. Section 631(a). Moreover, an adverse employment action was taken against Settle, as he was put on probation and terminated from his position as manager. There is no factual dispute concerning the first two prongs.

Whether someone claiming age discrimination must be replaced by someone *outside* the protected class to establish a *prima facie* is discussed in *Goldstein*, 758 F.2d at 1442–44. Under *McDonnell Douglas*, a *prima facie* case can only be made by replacing an employee with someone outside the protected age group. *Goldstein*, however, cautioned against an overly strict application of the *McDonnell Douglas* test, and allowed a *prima facie* case to be made even if the employee was replaced by someone within the protected age group. The *Goldstein* court reasoned that the requirement that the replacement be from a member outside the protected group failed to take the reality of the working place into account. Thus, the Court modified the requirement, allowing Settle to meet this prong even though he was replaced with a member within the protected group.

Settle maintains that he was qualified for his position as manager at K MART. Qualifications of a plaintiff for a job position may be established by evidence that Plaintiff performed his responsibilities for several years without complaint. *Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1520 (11th Cir.1990). From 1979 to 1987, Plaintiff received generally satisfactory ratings on his annual performance evaluations. Settle had performed satisfactorily at his job at K MART for nine years. It was only in the past three years that Settle received any adverse evaluations. Settle, has therefore, demonstrated that he is qualified for the position for *prima facie* case purposes, and has met the modified four-pronged test.

### SUMMARY JUDGMENT

■ Summary Judgment may be precluded where a plaintiff is replaced by someone substantially younger than himself although still within the protected group. Failure to show replacement by members of the nonprotected group, therefore, is not necessarily fatal to Plaintiff's *prima facie* case. *Baker*, 903 F.2d at 1519. As a matter of law, however, a *prima facie* case cannot be established merely because Settle is within the protected class, was terminated from his position with K MART, and was qualified for his position. There must be some inference of age discrimination regarding Plaintiff's replacement.

Where a plaintiff was replaced by a member of the protected group, but that replacement was substantially younger than the plaintiff, the court was provided an additional ground that a *prima facie* case had been established. *Moore v. Sears, Roebuck & Co.*, 464 F.Supp. 357 (N.D.Ga.1979). Where the plaintiff had shown that he was replaced by someone within the protected group, yet younger than the plaintiff, and had also presented "substantial evidence of satisfactory job performance," the plaintiff made out a *prima facie* case. *Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir.1981). Where a plaintiff is replaced by someone only slightly younger than the plaintiff, then it is less likely that an inference of discrimination can be drawn. *Douglas*, 656 F.2d at 533.

█ Settle was replaced with Edwin Mellies, not only a member of the protected group, but substantially *older* than Settle. This provides the Court with *no* inference of age discrimination. Furthermore, there is no direct proof of discriminatory intent, and no statistical evidence showing a pattern of discriminatory activity. Settle's proof fails to give rise to an inference of age discrimination, and fails to establish a *prima facie* case of age discrimination.

Since Settle's claim fails to give rise to a Title VII *prima facie* case, the burden was not shifted onto Defendant to provide the Court with legitimate, nondiscriminatory reasons for the adverse action taken against Settle. Settle's replacement at K MART is significantly older than Settle, and remains in his place to date. Therefore, this Court, totally lacking any inference that K MART unlawfully discriminated against Plaintiff because of his age, grants Defendant's Motion for Summary Judgment.

**ORDERED** that Summary Judgment be **GRANTED** and the cause of action be **DISMISSED.** The Clerk is directed to enter a final judgment for Defendant, K MART, in accordance with this order.

**DONE and ORDERED.**