134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joretta BAILEY, Plaintiff/Appellant,
v.
JAMES RIVER PAPER COMPANY, INC., a Virginia Corporation dba
Western Transportation Company, Defendant/Appellee.
 No. 96-36127.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 4, 1997.
Decided Jan. 14, 1998.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Joretta Bailey appeals the district court's grant of summary judgment dismissing her claims for wrongful discharge under Oregon state law; age discrimination in violation of the Age Discrimination in Employment Act and Oregon state law; and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seg., and Oregon state law. We affirm in part and reverse in part.
 
 I.
 
 4
 Joretta Bailey ("Bailey") worked as a human resources administrator for James River Paper Co. ("James River") from May 1986 to January 1995. Although Bailey had problems with both the human resources manager, James Neal ("Neal"), and the facility manager, Lee Coulthard ("Coulthard"), the gravamen of her complaint focuses on her working relationship with Neal. Bailey contends that from the outset, Neal treated her as a problem and mistreated the other women in the department. Neal, however, testified that Bailey was a difficult employee who required frequent counseling. It is undisputed that, despite these problems, Neal gave Bailey a generally satisfactory performance evaluation in February 1994 and a "merit increase."
 
 
 5
 In September 1994, when the hourly employees went on strike, Bailey was placed in charge of conducting the hiring process for temporary replacements. There is considerable dispute over whether Bailey was aware that she was not entitled to take paid lunch breaks while conducting off-site interviews. In any event, it is undisputed that Bailey submitted timesheets during October and November 1994 which contained no deductions, as the policy then in effect required, for off-site lunches. Although Neal regularly reviewed and approved Bailey's timesheets, he did not question Bailey about her incorrect submissions until December 1994.
 
 
 6
 In the interim, Bailey sent Coulthard an interoffice memorandum (the "October 23, 1994 letter") in which she complained "about the abuse received by myself, other female employees, and minorities from Jim Neal." Bailey went on to state that "I have thought of just walking away because of the treatment I receive every day, but hate to give up what I have worked for so hard and so long ... I am asking for your help to stop this abuse." Several days later, Coulthard provided a copy of the letter to Neal. In November 1994, Bailey met with the director of human resources from Richmond, Virginia to discuss the matters raised in her letter; that same day, the director met with Neal. Shortly thereafter, Neal confronted Bailey about the timesheet problem and within weeks, Bailey was terminated from her position as a human resources administrator. She was 60 years old.
 
 II.
 
 7
 We review a grant of summary judgment de novo. See Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). See Ghotra v. Bandila Shipping. Inc., 113 F.3d 1050, 1054 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Covey, 116 F.3d at 834.
 
 III.
 A. Wrongful Discharge Claim
 
 8
 In diversity actions, the law of Oregon applies to wrongful discharge claims. See Maricopa County v. Maberry, 555 F.2d 207, 210 (9th Cir.1977). Oregon recognizes the common law tort of wrongful discharge in two situations--the second of which is of relevance to this appeal: (1) where an employee was discharged for fulfilling an important societal obligation, the denial of which thwarts an important public policy (Category One); and (2) where an employee was discharged for exercising a right which is both a) related to her role as an employee, and b) of important public interest as indicated by statutory and constitutional provisions as well as case law (Category Two).[1] Delaney v. Taco Time Int'l, Inc., 681 P.2d 114, 117-18 (Or.1984); see Holien v. Sears, Roebuck and Co., 689 P.2d 1292, 1300 (Or.1984).
 
 
 9
 In the instant case, the district court found that the October 23, 1994 letter failed to raise "any inference that [Bailey] was complaining about unlawful discrimination in the workplace." We find, however, that the plain language of the letter indicates otherwise. The first line reads: "This letter is to register a complaint about the abuse received by myself, other female employees, and minorities from Jim Neal." In addition, Bailey makes reference to the higher salary grade given to a male employee compared to that of his female predecessor, and expressly discusses Neal's alleged abusive treatment of herself, other women in her department, and an African-American male co-worker. Viewing the evidence in the light most favorable to Bailey and resolving all reasonable doubts in her favor, it is difficult to discern how the district court could have determined that the letter failed to raise "any inference" that she was complaining about unlawful discrimination based on protected status.
 
 
 10
 As for the "substantial factor" showing required for a Category Two, supra, wrongful discharge claim, we find that a genuine issue of fact exists as to whether there is any causal connection between the October 23, 1994 letter and Bailey's subsequent discharge. Under Yartzoff v. Thomas, "[c]ausation ... may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." 809 F.2d 1371, 1376 (9th Cir.1987). In the instant case, although there is substantial dispute as to when Neal learned of the letter and made the decision to terminate Bailey, the timing of these two events raises an inference of retaliatory discharge. Accordingly, we conclude that the district court erred in granting summary judgment as to this claim.
 
 B. Federal Based Discrimination Claims
 
 11
 The federal Age Discrimination in Employment Act ("ADEA") prohibits an employer from discharging, refusing to hire, or otherwise discriminating against an individual because that individual is between 40 and 70 years of age. 29 U.S.C. § 623(a)(1). The Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, similarly bars discrimination in the terms, conditions, and privileges of employment on the basis of gender. A plaintiff alleging discrimination under either the ADEA or Title VII may proceed under the following theories of liability: disparate treatment or disparate impact. See Palmer v. United States, 794 F.2d 534, 536 (9th Cir.1986). In the instant case, Bailey specifically asserts disparate treatment in both her age and gender discrimination claims.
 
 
 12
 To establish a prima facie case of discrimination under the disparate treatment theory, the plaintiff can either produce direct evidence of discriminatory intent or offer circumstantial evidence that "give[s] rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the plaintiff has established this prima facie case, the McDonnell Douglas burden-shifting framework applies. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In producing evidence of a legitimate, nondiscriminatory reason for the employment decision, however, "[t]he [employer] need not persuade the court that it was actually motivated by the proffered reasons." Burdine, 450 U.S. at 254. The ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the plaintiff remains at all times with the plaintiff. See id. at 256. Thus, to avoid summary judgment, the plaintiff must offer "specific and significantly probative" evidence that the employer's explanation for its action is a pretext for discrimination. Schuler v. Chronicle Broad. Co., Inc., 793 F.2d 1010, 1011 (9th Cir.1986).
 
 1. ADEA
 
 13
 The district court granted summary judgment as to this claim because "[James River's] record is replete with evidence that [Bailey] was not performing her job in a satisfactory manner [and t]here is no evidence that Neal or Coulthard were motivated by an age-based animus." To establish the requisite inference of age discrimination, Bailey needed to show that: (1) she was a member of the protected class (between 40-70 years of age); (2) she was performing her job in a satisfactory manner; (3) she was discharged; and (4) she was replaced by a younger employee with equal or inferior qualifications. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990).
 
 
 14
 As found by the district court, there is substantial evidence that Bailey was not performing her job satisfactorily at the time of her termination. Despite the 1994 performance evaluation and merit increase, it is clear that Bailey had job difficulties due to poor judgment, unwillingness to cooperate or follow instructions, and violation of department policies. Given that Bailey has failed to carry her burden of establishing a prima facie case of age discrimination, we find that the district court properly dismissed this claim.
 
 2. Title VI
 
 15
 As with the ADEA claim, the district court held that Bailey had "failed to present sufficient evidence to establish her prima facie case for sex discrimination." In addition, the district court found that "[Bailey] has not demonstrated the existence of an environment hostile ... to women."
 
 
 16
 To successfully establish a prima facie case of gender discrimination, Bailey needed to demonstrate that her gender was the "likely reason" for James River's decision to terminate her. Douglas v. Anderson, 656 F.2d 528, 532 (9th Cir.1981) (citation omitted). We concur with the district court's determination, however, that Bailey has failed to adduce sufficient evidence to establish that the decision to terminate her was motivated by any gender-based animus. With respect to her hostile environment claim, we similarly find that Bailey has not provided sufficient evidence to raise a triable issue of fact as to whether the management's treatment of female employees was "sufficiently severe or pervasive to alter the conditions of [Bailey's] employment and create an abusive working environment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (internal quotations omitted). Accordingly, we find that the district court did not err in granting summary judgment as to this claim.
 
 C. State Based Discrimination Claims
 
 17
 Much like the ADEA and Title VII, Oregon Revised Statute § 659.030 prohibits an employer from discriminating against an individual in the terms and conditions of employment because of age or gender. For the reasons stated above with respect to Bailey's federal based discrimination claims, we find that Bailey has failed to establish prima facie cases of either age or gender discrimination. Accordingly, we find that the district court properly dismissed these state claims.
 
 IV.
 
 18
 Based on the foregoing, we find that the district court erred in granting summary judgment as to the wrongful discharge claim, but correctly dismissed all other claims.
 
 
 19
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 20
 Each party to bear its own costs.
 
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For a Category Two claim, the plaintiff must also prove that her exercise of that right was a "substantial factor" in the employer's decision to terminate her. See Holien v. Sears, Roebuck and Co., 689 P.2d 1292, 1299 n. 5 (Or.1984); see also Seitz v. Albina Human Resources Ctr., 788 P.2d 1004, 1010 (Or.App.1990) (adopting "substantial factor" causation test for retaliation claims)