Jenny MITCHELL, Plaintiff–Appellant,

v.

SUNRISE MOUNTAIN VIEW HOSPI-TAL, dba Mountain View Hospital, Defendant–Appellee.

No. 01–16817.

D.C. No. CV–99–01384–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2002.*

Decided Nov. 26, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

### MEMORANDUM***

Jenny Mitchell appeals the district court's grant of summary judgment against her in her Age Discrimination in Employment Act, 29 U.S.C. § 623, action against her former employer, Sunrise Mountain View Hospital.[1] We affirm.

(1) Mitchell's claim under § 623(a) fails because, at the prima facie level, she failed to show that she was, overall, performing her job satisfactorily, and also failed to show that she was replaced with a younger person. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir.1996); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir.1994); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 n. 8 (9th Cir.2002); *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 672 (9th Cir.1988); *cf. Douglas v. Anderson*, 656 F.2d 528, 532–33 & n. 5 (9th Cir.1981) (sometimes replacement by a younger person not required, if some special circumstance shown). But even if she did manage to spell out an exceedingly minimal prima facie case, she simply did not present sufficient evidence to show that Mountain View's legitimate, nondiscriminatory reason for terminating her was pretextual. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658–59 (9th Cir. 2002); *Villiarimo*, 281 F.3d at 1062–63.

(2) Mitchell's claim of retaliation under § 623(d) fares no better because she cannot demonstrate the causal element re-

---

1. Mitchell also made a Title VII (42 U.S.C. § 2000e) claim, but she does not pursue it on appeal.

quired to establish her prima facie case. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001); *see also Knickerbocker v. City of Stockton,* 81 F.3d 907, 912 (9th Cir.1996). Again, even if there were a prima facie case, the evidence was not sufficient to rebut Mountain View's legitimate, nondiscriminatory reason for terminating her.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.