Tante ROBINSON, Plaintiff—
Appellant,

v.

John E. POTTER, Postmaster General,
United States Postal Service,
Defendant—Appellee.

No. 04–15554.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Dec. 20, 2005.

---

Curtis G. Oler, Esq., Law Offices of Curtis G. Oler, San Francisco, CA, Tante Robinson, Stockton, CA, for Plaintiff–Appellant.

Steven J. Saltiel, Esq., Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff Tante Robinson appeals the district court's grant of summary judgement dismissing her claims for age discrimination under the Age Discrimination in Employment Act (ADEA).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Robinson's claim regarding her replacement as acting manager for the platform fails under the three-step *McDonnell Douglas*[2] shifting—burdens analysis. Although Robinson established a prima facie case of age discrimination,[3] Griffin rebutted the inference of discrimination by explaining that he wanted to give Bell an opportunity to develop her skills and abilities.[4] In response, Robinson failed to establish that Griffin's reason for replacing her with Bell was false or that his true reason was discriminatory.[5] Robinson failed to provide any specific, substantial evidence of a discriminatory pretext or that age was the reason for Griffin's decision. Therefore, Robinson fails to show that a genuine issue of material fact precludes summary judgment.[6] Thus, we affirm on this issue.

Robinson's second claim, of placing another postal worker in the position of the acting manager for the first floor, is not legally sufficient. Robinson neither held nor applied for that position.[7]

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 29 U.S.C. §§ 621–34.

2. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

3. *See Douglas v. Anderson*, 656 F.2d 528, 532–33 (9th Cir.1981).

4. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994) (stating that the defendant can rebut the inference of discrimination by articulating a legitimate, nondiscriminatory reason for his actions).

5. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir.1996).

6. *See id.* (stating that the plaintiff must demonstrate more than "the mere existence of some alleged factual dispute between the parties").

7. *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir.1987) (stating that to prevail on a disparate treatment action, a plaintiff must demonstrate "that he applied for a position for which he was qualified").