**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN KORKOSZ,

          Petitioner - Appellant,

  v.

CLARK COUNTY,

          Respondent - Appellee.

No. 09-15779

D.C. No. 2:07-cv-00178-KJD-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 14, 2010[**]
San Francisco, California

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT,[***] Senior
District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

1

John Korkosz appeals from the district court's grant of summary judgment against him on his claims of disparate treatment under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., ("ADEA") and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., ("Title VII") and the ADEA.

Korkosz was hired by Clark County as a Zoning Assistant in February of 1995. In January of 2005, Korkosz appeared before an interview panel for the position of Principal Planner in the Department of Comprehensive Planning. The January 2005 interview panel declined to recommend any of the interviewed applicants for the position, and a second round of interviews was held in March of 2005. The March 2005 interview panel ultimately recommended Anthony Molloy for the position. In June of 2005, Korkosz appeared before another interview panel to interview for the position of Principal Planner in the Department of Development Services. The June 2005 interview panel recommended Robert Kaminski for the position.

On appeal, Korkosz contends that he presented sufficient evidence to establish a *prima facie* case of disparate treatment under the ADEA because the age differences between himself and the promoted applicants support an inference of age discrimination.

An employee may establish a *prima facie* case of disparate treatment under the

ADEA using circumstantial evidence by demonstrating that: (1) he was at least 40 years old; (2) he was qualified for the position for which he applied; (3) he was not promoted despite being well qualified; and (4) the position was given to a substantially younger employee with equal or inferior qualifications. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)). Establishing a *prima facie* case requires the production of "evidence adequate to create an inference that an employment decision is based on an illegal discriminatory criterion. In the age discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996) (internal quotation marks, alterations and citation omitted).

It is undisputed that Korkosz is only two years and ten months older than Molloy and only three years and eleven months older than Kaminski. Such age differences, without more, are insufficient to permit an inference of age discrimination. *E.g., Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir. 1981) ("If the replacement is only slightly younger than the plaintiff, then it is less likely that an inference of discrimination can be drawn."). Korkosz provided no other direct or circumstantial evidence to support his claim. Thus, Korkosz failed to establish a

*prima facie* case of age discrimination under the ADEA.

With respect to the grant of summary judgment on his retaliation claim, Korkosz contends that he presented sufficient evidence to raise a genuine issue of material fact directed to whether Clark County's proffered legitimate, nondiscriminatory reasons for failing to promote Korkosz constitute pretext.

The burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs actions for retaliation under Title VII and the ADEA. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008). Under this framework, if the employee establishes a *prima face* case of retaliation, the employee has justified a presumption of retaliation, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its allegedly retaliatory conduct. *Metoyer v. Chassman*, 504 F.3d 919, 931 n.6 (9th Cir. 2007). If the employer satisfies this burden of production, the presumption of unlawful discrimination "drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11 (1993). The employee must then provide evidence that creates a genuine issue of material fact concerning whether the employer's proffered nondiscriminatory reason is merely pretext. *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *Coleman*, 232 F.3d at 1282).

In the present case, Clark County articulated legitimate, nondiscriminatory

reasons for its decisions not to promote Korkosz, and Korkosz failed to provide any evidence that these reasons were pretextual aside from his own uncorroborated, self-serving speculation. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (finding that uncorroborated, self-serving testimony alone does not create a genuine issue of material fact precluding summary judgment). Thus, Korkosz failed to offer any evidence which created a genuine issue of material fact on the issue of whether Clark County's nondiscriminatory reasons for declining to promote Korkosz were pretextual, and summary judgment properly was entered on Korkosz's retaliation claim.

**AFFIRMED.**