967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margaret MORLEY; Jean Farley; Geraldine F. Nicolaus,
Plaintiffs-Appellants,
v.
J.W. ROBINSON'S INCORPORATED; May Company; Dudley Beckett;
Gary King; Sarah Scott, Defendants-Appellees.
 No. 91-55301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1992.
Decided July 10, 1992.
 
 Before WALLACE, Chief Judge, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM
 
 1
 Morley, Farley, and Nicolaus (Employees) appeal from the district court's summary judgment in favor of J.W. Robinson's, Inc. (Robinson) in their action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621-634. The Employees also state in their brief that they contest the district court's dismissal of King and Beckett from Count V of the Employees' complaint. However, as this issue was merely mentioned but not discussed in their brief, the Employees are deemed to have waived it. See Simpson v. Union Oil Co., 411 F.2d 897, 900 & n. 2 (9th Cir.), rev'd on other grounds, 396 U.S. 13 (1969). The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 623(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990) (Rose ). We affirm.
 
 
 2
 Morley and Farley contend that they were demoted, and Morley and Nicolaus contend that they were constructively discharged, all on the basis of their age, in violation of the ADEA. See 29 U.S.C. § 623(a)(1). The ADEA makes it unlawful "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Id. When bringing an action under the ADEA, the "plaintiff must first establish a prima facie case of discrimination, which, for the purposes of summary judgment, refers to the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue." Rose, 902 F.2d at 1420 (internal quotation marks omitted). The parties agree that, given the particular facts of this case, each employee must make a prima facie case of disparate treatment by establishing all of the following elements: (1) that she belonged to a protected class; (2) that she was qualified for the position; (3) that she was demoted or otherwise treated improperly even though qualified for the new position; and (4) that she was replaced by a substantially younger employee with equal or inferior qualifications. See id. at 1421; 29 U.S.C. § 623(a)(1). This last requirement may, in cases where the employee's position was eliminated, be alternatively satisfied by her showing through circumstantial, statistical, or direct evidence that the mistreatment occurred under circumstances giving rise to an inference of age discrimination. See Rose, 902 F.2d at 1421.
 
 
 3
 In arguing that they have made out a prima facie case, the Employees ask us to consider the allegations of their complaint. However, when facing a motion for summary judgment, the nonmoving party, here each Employee, cannot rely on her complaint, but must, by affidavits, or by the "depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). An issue is genuine only if the nonmoving party has presented evidence such that a jury could rule for her. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). It is clear from these standards that allegations in the complaint may not be used to satisfy the requirements for establishing a prima facie case. See Douglas v. Anderson, 656 F.2d 528, 533 (9th Cir.1981) ("In determining whether a prima facie case has been established, the overriding inquiry is whether the evidence is sufficient to support an inference of discrimination."). We therefore confine our examination to the evidence that was properly placed before the district court.
 
 
 4
 The Employees rely on four affidavits in response to Robinson's motion for summary judgment. Robinson argues that the affidavits mostly consist of declarations that are either conclusory or hearsay, and therefore we may not consider them. See Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); State ex. rel. Department of Transp. v. United states ex. rel. Department of Transp., 561 F.2d 731, 733 n.4 (9th Cir. 1977) ("Conclusory allegations, unsupported by factual data, do not create a triable issue of fact.").
 
 
 5
 The Employees' affidavits do contain conclusory and hearsay statements. See, e.g., Clerk's Record (CR) 57, Affidavit of Charles Long, p 6 ("[I]t was 'a given' at the store that Mr. Beckett paid undue attention to the young female employees and conversely harassed and discriminated against the older female employees over the age of forty."), Affidavit of Doreen Castle, p 5 ("Mr. Beckett made it clear that no person over the age of twenty-five was needed or wanted in the store."), Affidavit of Ellen Schuster, p 6 ("[T]he working environment under Mr. Beckett was so intimidating and unpleasant as directed towards employees over the age of forty that any reasonable person would not be able to continue their employment."), and Affidavit of Margaret Brasch, p 10 ("I personally witnessed the fact that all three of the Plaintiffs in this matter were performing their jobs in a competent and productive manner prior to Mr. Beckett's reign as Store Manager and that Mr. Beckett discriminated against the Plaintiffs, and each of them, on the basis of age in order to replace them with younger employees under the age of forty."). The remaining statements fail to show the relative age or qualifications of the individual or individuals, if any, who replaced or assumed the responsibilities of the Employees after they left their positions. Therefore, even assuming, without deciding, that the Employees have established the first three elements of a prima facie case, they have failed to establish the fourth element: that they were replaced by a younger employee with equal or inferior qualifications. See Rose, 902 F.2d at 1421. Although this failure dooms Morley and Nicolaus's claims of constructive discharge, it does not necessarily destroy Morley and Farley's unlawful demotion claims, becuase they held positions that were eliminated. See id. We may look at other evidence offered by Morley and Farley to see if the evidence amounts to a prima facie case. See id.
 
 
 6
 When the conclusory and hearsay statements are removed from the affidavits, they basically show two things: (1) after Beckett became Store Manager, as many as nine women managers over the age of forty were replaced, generally by younger women, see, e.g., CR 57, Affidavit of Charles Long, pp 4, 8, 9, Affidavit of Margaret Brasch, pp 5-6; and (2) Beckett on several occasions touched the younger female employees, see, e.g., id., Affidavit of Margaret Brasch, p 11, Affidavit of Doreen Castle, p 8. This evidence is insufficient. In eliminated position cases, we require that statistics offered show a "stark pattern of discrimination unexplainable on grounds other than age." Rose, 902 F.2d at 1423 (internal quotation marks and brackets omitted). The affiants' observations that older managers were replaced by younger ones are subject to competing interpretations, as they say nothing about the circumstances of the replacements or the individuals' relative qualifications. That Beckett on several occasions touched young female employees also fails to support an inference of age discrimination, because the relationship between these actions and the alleged mistreatment of older employees is not demonstrated factually.
 
 
 7
 For the foregoing reasons, the Employees have failed to satisfy their burden of making out a prima facie case. We therefore hold that the district court did not err by granting Robinson's motion for summary judgment.
 
 
 8
 AFFIRMED.